1824.

Knott
vs
Digges

3. That the decree of the chancellor is erroneous, in re-quiring the payment of the whole purchase money, and limiting the conveyance only to part of the lot of ground.

*Harper, Magruder* and *Speed*, for the Appellees.

DECREE AFFIRMED.

JUNE.

KNOTT *vs.* DIGGES.

An action on the case will lie for a consequential injury sustained by the plaintiff, where both an immediate and consequential injury is alleged—as, where he proved that a servant of the defendant, with his express directions, rode his mare several miles through different farms, and turned her out, whereby he lost her services for many days; which the defendant attempted to justify, by offering to show that the mare was trespassing upon his close— *It was held,* that the defendant had the right to arrest the mischief to his close, by removing the trespassing animal to the exterior limits of it, but farther than this he could not go.

APPEAL from *Charles* county court. This was an action on the case, and the declaration alleged that the plaintiff, (now appellant,) was possessed of a dark bay mare of the value of $200, as of his proper goods, whereby he received profit and advantage; yet the defendant, (now appellee,) not ignorant of the premises, but maliciously intending and contriving to injure the plaintiff in this particular, then and there illegally and tortiously took possession of the said mare, and carried her to a great distance from the farm of the plaintiff, and there turned her loose, and injuriously and cruelly treated the said mare by riding her hard, thereby lessening her value, whereby the plaintiff lost the use and service of said mare for a long time, to wit, for the space of six months; and was otherwise thereby greatly injured and damaged to the value of $500, &c. The defendant pleaded not guilty. At the trial, on the facts given in evidence, which are fully stated in the opinion delivered by this court, the county court, [*Stephen* Ch. J. *Key*, and *Plater*, A. J.,] on the defendant's prayer, directed the jury, that if they should be of opinion that the mare was only rode as far as was sufficient to prevent her

returning to trespass on the plaintiff, and that no damage was done to her, that the plaintiff was not entitled to recover. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

1824.

Craufurd
vs.
The State

The cause was argued before BUCHANAN, Ch. J. EARLE, and MARTIN, J. by

Stonestreet, for the Appellant, and by

Stone, for the Appellee.

The opinion of the court was delivered by

EARLE, J. Both an immediate and consequential injury is here alleged, although it has been the pleasure of the plaintiff to sue in case, for the consequential injury only. To sustain his cause, he offered to prove, that a servant of the defendant, with his express directions, rode his mare several miles through different farms, and turned her out, whereby he lost her services for many days. This trespass the defendant attempted to justify in evidence, by offering to show, that the plaintiff's mare was trespassing upon his close, and that he caused her to be thus rode, to prevent a repetition of the trespass; and this forms the subject to be decided on by this court. Trivial as it is, we consider it, on the evidence in the record, a trespass unjustified, and are constrained to send it back for further trial. The defendant had the right to arrest the mischief to his close, by removing the trespassing animal to the exterior limits of it, but further than this he could not go. Riding the mare some miles beyond those limits and turning her out, was an unlawful disturbance of the possession of the plaintiff's property, for the consequences of which the defendant is responsible.

JUDGMENT REVERSED, &c.